# United States District Court

### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**DEMARCUS LYMAS**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:13-CR-243

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

☐ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 26-year-old unmarried male with two children from Chicago area and no ties to this district. Defendant did not finish high school and does not have a GED.

Defendant has only eight months of employment history, some two years ago in Dallas, TX. Defendant does not have a drivers license.
(Continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant has failed to rebut the presumption that arises in this case, that he is a flight risk and a danger to the community. However, independent of the presumption, I find the government has met its burden as to both the risk of flight and danger to the community in light of the defendant has no ties to this district nor apparently to any district, and has shown himself to be very difficult to manage while under court supervision. Moreover, despite the fact (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 30, 2014

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:13-cr-00243-JTN ECF No. 73 filed 05/01/14 PageID.226 Page 2 of 2

United States v. **DEMARCUS LYMAS**
1:13-CR-243
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

Defendant has no known source of income, and neither his mother nor his ex-girlfriend are willing to let him reside with them, nor do they know how he financially supports himself, nor are they willing to financially support him.

Defendant has smoked marijuana daily for approximately 13 years.

Defendant has a steady stream of criminal involvement going back a dozen years, virtually all of these being drug-related or for domestic battery.

In at least four instances, probation has been revoked.

In the present matter, defendant was found in a car with a co-defendant, a 44 cal. handgun, cocaine, crack cocaine, ecstacy, and 11 bags of marijuana. He admitted the marijuana was his. The co-defendant was taken to jail. Six days later defendant went to the jail to visit the co-defendant and spoke about the need to cook and distribute the marijuana, and about who told the police about them. Defendant subsequently told his incarcerated co-defendant on October 17, 2013 that there was difficulty selling the coke. The following day, October 18th, defendant was stopped in a car with a third defendant, a Dale Brassel, who was driving. Coke was found in the driver's side of the car.

Notwithstanding that he had twice been in a car stopped by the police where drugs were found in the car, the defendant two days later (on October 20th) told his incarcerated co-defendant (Loggins) that he was on his way to make a coke transaction.

On November 12, 2013, and again on February 3, 2014, undercover buys of cocaine were made from the defendant, each time for one-half gram of cocaine or more.

It also appears that on August 11, 2013, defendant was involved with several other people in a home invasion in Holland, MI, involving other persons in the drug business, where a shot was fired.

Defense counsel indicates defendant could reside with "a girlfriend" but her identity and residence are unknown to the court.

**Part II - Written Statement of Reasons for Detention** - (continued)

that he was twice arrested with his co-defendants in automobiles where there were drugs, and he was clearly on the police radar, he has continued to actively engage in drug trafficking, picking up the slack for his incarcerated co-conspirator, Mr. Loggins. Coupled with a lifetime where the only constant has been continuous criminal activity, there is every reason to believe that if released he would continue trafficking in drugs.